UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EUGENE HOLLOW HORN BEAR,<br><br>Defendant. | 3:23-CR-30087-RAL<br><br><br>OPINION AND ORDER GRANTING MOTION TO SEVER COUNT IV OF INDICTMENT |

Eugene Hollow Horn Bear moved to sever his failure to register as a sex offender (SORNA) charge from his sexual abuse and abusive sexual contact charges. Because the charges were improperly joined and would prejudice Hollow Horn Bear if tried together, the severance motion should be granted.

**I. Procedural History**

Hollow Horn Bear is charged in a four-count indictment. The first three counts charge sexual abuse (Count I) and abusive sexual contact (Counts II and III) of Bevelyn Brave Hawk on or about July 20, 2023 and the last count charges a SORNA violation (Count IV) on or between July 10, 2023 and July 24, 2023.[1] He seeks to sever the SORNA

---

[1] Docket No. 1.

offense from the sexual abuse and abusive sexual contact offenses, arguing that it was improperly joined or, in the alternative, should be severed based on undue prejudice.[2] The government opposes the motion, maintaining that he should not have two trials.[3]

## II. Discussion

Rule 8 of the Federal Rules of Criminal Procedure permits two or more offenses to be charged in the same indictment if the offenses are of the "same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."[4] The Rule is broadly construed in favor of joinder to promote judicial efficiency.[5] Rule 14 though allows a court to order severance of offenses, if joinder is proper, when their joinder "appears to prejudice a defendant[,]"[6] that is, deprives him of "an appreciable chance of an acquittal in a severed trial."[7] Whether to grant severance is left to the discretion of the court.[8]

---

[2] Docket Nos. 25, 26.
[3] Docket No. 27.
[4] Fed. R. Crim. P. 8(a).
[5] *United States v. McCarther*, 596 F.3d 438, 441–42 (8th Cir. 2010); *United States v. Taken Alive*, 513 F.3d 899, 902 (8th Cir. 2008).
[6] Fed. R. Crim. P. 14(a).
[7] *United States v. Milk*, 66 F.4th 1121, 1133 (8th Cir. 2023) (quoting *United States v. Geddes*, 844 F.3d 983, 988 (8th Cir. 2017)).
[8] *United States v. Sandstrom*, 594 F.3d 634, 644 (8th Cir. 2010).

The SORNA offense is not of the "same or similar character" as the sexual abuse and contact offenses.[9] Nor is it the same type or class of offense as the others.[10] Non-compliance with a registration requirement, unlike sexual abuse and abusive sexual contact, is a status offense.[11]

The government, however, argues that since the SORNA, sexual abuse, and abusive sexual contact offenses arose out of the same investigation, they should be tried together.[12] But an investigatory overlap—the discovery of different offenses while trying to serve an arrest warrant—does not legitimize the joinder of offenses, especially where, as here, the same acts that led to the detection of the defendant did not lead to the commission of the offenses.[13] Hollow Horn Bear's SORNA offense was neither part and parcel of the abuse and contact offenses nor necessary to their commission—or vice versa.[14] That Hollow Horn Bear is alleged to have committed four offenses during a time

---

[9] *See United States v. Two Hearts*, No. CR 12-30108-RAL, 2013 WL 175780, at *3 (D.S.D. Jan. 16, 2013); *see also United States v. Blacksmith*, Nos. CR 14-50004-JLV, 14-50053-JLV, 2015 WL 2063098, at *5 (D.S.D. May 4, 2015) (government propounded no evidence that defendant's SORNA offense of same or similar character as his sexual abuse offenses); *United States v. Rodgers*, 732 F.2d 625, 629 (8th Cir. 1989) (stating when offenses are "same or similar character").
[10] *See Two Hearts*, 2013 WL 175780, at *3.
[11] *United States v. Williams*, No. 14-CR-109, 2015 WL 2095207, at *2 (E.D. Wis. May 5, 2015).
[12] Docket No. 27 at 4-5.
[13] *See Williams*, 2015 WL 2095207, at *3.
[14] *Id.*

3

frame that coincides, is not enough linkage or connection to charge them all in a single indictment.[15] Joinder of the offenses was improper.[16]

But even if they were properly joined, there is a "real and clear" prejudice to Hollow Horn Bear that would result should the government be able to introduce evidence, in its case-in-chief for the sex offenses, that he is required to register as a sex offender because of a 1989 abusive sexual contact with a minor conviction.[17] And contrary to what the government claims,[18] that prejudice cannot be cured or appropriately addressed with limiting instructions.[19]

Indeed, evidence relevant to Count IV—that Hollow Horn Bear must register as a sex offender and failed to do so—would seemingly not be admissible in a trial on Counts I-III for sexual abuse and abusive sexual contact of an adult, and vice versa.[20] Courts in

---

[15] *Id.*

[16] *See Two Hearts*, 2013 WL 175780, at *3; *see also Williams*, 2015 WL 2095207, at *2-3 (SORNA and attempted child enticement offenses improperly joined); *Blacksmith*, 2015 WL 2063098, at *5 (refusing to join sexual abuse offenses with SORNA offense).

[17] *Two Hearts*, 2013 WL 175780, at *3 (quoting *Sandstrom*, 594 F.3d at 644); *see also United States v. Hollow Horn Bear*, 3:21-cr-30073, Docket Nos. 38 at 5 & 48 at 3, 7 (showing that Hollow Horn Bear convicted of abusive sexual contact with a minor on August 28, 1989 in District of South Dakota).

[18] Docket No. 27 at 7-8.

[19] *See United States v. Aldrich*, 169 F.3d 526, 528 (8th Cir. 1999); *United States v. Brooks*, No. S1404CR0538JCHAGF, 2005 WL 2172359, at *4-6 (E.D. Mo. Aug. 29, 2005), *report and recommendation adopted,* 2005 WL 8149892 (E.D. Mo. Sept. 7, 2005).

[20] *Two Hearts*, 2013 WL 175780, at *3 & n.1; Fed. R. Evid. 413 (evidence of alleged sexual assault only admissible in criminal cases in which defendant "accused of a sexual assault"); Fed. R. Evid. 414 (admissibility of evidence that defendant committed child molestation limited solely to criminal cases in which defendant "accused of child molestation").

4

this district and others have held that "substantial prejudice"—sufficient to engender severance—results when a SORNA offense is tried with one or more other offenses.[21]

For the reasons discussed, and in accord with Rules 8 and 14, it is

ORDERED that Hollow Horn Bear's Motion to Sever Count IV from Counts I-III of the Indictment[22] is granted. It is further

ORDERED that a separate trial be set for Count IV (the SORNA charge) and that the trial on Counts I-III (relating to the sexual abuse and abusive sexual contact charges) proceed as scheduled.

## NOTICE

A party may seek reconsideration of this order before a district judge upon a showing that the order is "clearly erroneous or contrary to law."[23] The parties have 14 days after service of the order to file written objections unless an extension of time for

---

[21] *Blacksmith*, 2015 WL 2063098, at *1-2, 6 (joinder of SORNA offense with three sexual abuse offenses would result in "severe prejudice under Rule 14"); *Two Hearts*, 2013 WL 175780, at *3 (severance called for when defendant charged with aggravated sexual abuse of child and SORNA offenses); *Williams*, 2015 WL 2095207, at *3-4 (evidence that defendant a convicted sex offender would prejudice jury on child enticement charge and requires severance); *United States v. Sherman*, No. 1:10CR00039, 2011 WL 11186, at *1–2 (W.D. Va. Jan. 4, 2011) ("spillover effect of the sex offender evidence" would substantially prejudice defendant in his trial on stolen vehicle and credit card fraud offenses such that severance warranted); *United States v. Caraway*, No. 08–CR–117A, 2010 WL 275084, at *3 (W.D.N.Y. Jan. 20, 2010) (if jury learned defendant a convicted sex offender, such evidence would substantially prejudice jury on possession of child pornography charge).
[22] Docket No. 25.
[23] 28 U.S.C. § 636(b)(1)(A).

good cause is obtained.[24] Failure to file timely objections will result in the waiver of a party's right to appeal questions of fact.[25] Objections must be specific to trigger review.[26]

DATED this 23rd day of February, 2024.

BY THE COURT:

MARK A. MORENO
UNITED STATES MAGISTRATE JUDGE

---

[24] *See* Fed. R. Civ. P. 58(g)(2), 59(a).

[25] Fed. R. Civ. P. 59(a).

[26] *See Thompson v. Nix*, 897 F.2d 356, 357-58 (8th Cir. 1990); *Nash v. Black*, 781 F.2d 665, 667 & n.3 (8th Cir. 1986).