UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EUGENE HOLLOW HORN BEAR,<br><br>Defendant. | 3:23-CR-30087-ECS<br><br><br>ORDER SEVERING COUNT V OF THE SUPERSEDING INDICTMENT |

I. **Background**

On February 23, 2024, United States Magistrate Judge Mark Moreno issued an Opinion and Order granting Hollow Horn Bear's Motion to Sever Count IV (SORNA charge) of the Indictment. Doc. 28. The government did not appeal or seek reconsideration of that order. Three weeks later, the government filed a Superseding Indictment adding a fifth count—commission of a crime violence while failing to register as a sex offender in violation of 18 U.S. §§ 2250(a) and 2250(d). Doc. 35. Trial is set to begin on Counts I–III on August 20, 2024.

With the trial date looming, this Court held a status hearing on August 1, 2024, to discuss whether Count V of the Superseding Indictment should be included in the upcoming trial or severed and bifurcated along with Count IV. During the hearing, Hollow Horn Bear orally moved to sever Count V of the Superseding Indictment from Counts I–III.

Hollow Horn Bear argued the Superseding Indictment was an intentional "end-around" of Judge Moreno's prior ruling. He also maintained the prior ruling was sound and still applies to

Count V as there would be severe prejudice to him on Counts I–III if the jury hears that he is a sex offender and failed to register during the time of the alleged sexual assault. The government counters that the case's landscape is vastly different now with the commission of a crime of violence while having failed to register as a sex offender charge in Count V as opposed to Count IV's SORNA charge, which was previously severed. The government cites three authorities for its position: (1) United States v. McCarther, 596 F.3d 438 (8th Cir. 2010); (2) United States v. Little Dog, 398 F.3d 1032 (8th Cir. 2005); and (3) United States v. Moeckly, 769 F.2d 453 (8th Cir. 1985). Essentially, the government argues that joinder is not prejudicial as long as the same evidence would be introduced at both trials. See McCarther, 596 F.3d 438, 442 (8th Cir. 2010) ("No prejudice results from the refusal to sever when evidence of one charge would be admissible in a separate trial on the other." (citation omitted)); Moeckly, 769 F.2d at 465 (district court properly denied severance because the same proof of the smuggling conspiracies would have been required in separate trials); Little Dog, 398 F.3d at 1037 (same). The government contends that the evidence of Counts I–III are necessary and admissible to prove Count V so there is no prejudice to Hollow Horn Bear to try these counts together. The Court disagrees.

## II. Legal Standard

Rule 8 of the Federal Rules of Criminal Procedure permits two or more offenses to be charged in the same indictment if the offenses are of the "same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Rule 8 is broadly construed in favor of joinder to promote judicial efficiency. United States v. Taken Alive, 513 F.3d 899, 902 (8th Cir. 2008). Rule 14 though allows a court to order severance of offenses, if joinder is proper, when their joinder "appears to prejudice a defendant[,]" Fed. R. Crim. P. 14(a), that is, deprives him of "an appreciable chance

of an acquittal in a severed trial." United States v. Milk, 66 F.4th 1121, 1133 (8th Cir. 2023) (quoting United States v. Geddes, 844 F.3d 983, 988 (8th Cir. 2017)). Whether to grant severance is left to the discretion of the court. United States v. Sandstrom, 594 F.3d 634, 644 (8th Cir. 2010).

### III. Discussion

#### A. Prejudice

"To avoid prejudice, the district court can always grant severance." Little Dog, 398 F.3d at 1037 (citation omitted). Consistent with Magistrate Judge Moreno's prior opinion, this Court believes "there [still] is a 'real and clear' prejudice to Hollow Horn Bear that would result should the government be able to introduce evidence, in its case-in-chief for the sex offenses, that he is required to register as a sex offender because of a 1989 abusive sexual contact with a minor conviction." Doc. 28 at 4 (citing United States v. Two Hearts, No. CR 12-30108, 2013 WL 175780, at *3 (D.S.D. Jan. 16, 2013) (additional citations omitted)). The authorities cited to by the government—none of which relate to a failure to register charge—are not persuasive as there is still prejudice to Hollow Horn Bear even though the charge in Count V requires evidence of the conduct in Counts I–III. See Doc. 28; see also United States v. Morgan, 45 F.4th 192, 196 (D.C. Cir. 2022) (parties agreed to bifurcate "commission of a felony involving a minor by a person required to register as a sex offender" charge from "transportation of a minor with intent to engage in criminal sexual activity [and] attempted production of child pornography" charges).

### B. Law-of-the-Case Doctrine

Moreover, the law-of-the-case doctrine governs the Superseding Indictment. "The law-of-the-case doctrine prevents the relitigation of settled issues in a case, thus protecting the settled expectations of parties, ensuring uniformity of decisions, and promoting judicial efficiency." United States v. Bates, 614 F.3d 490, 494 (8th Cir. 2010) (cleaned up and citation omitted). "The doctrine applies to appellate decisions, as well as to final decisions by the district court that have not been appealed." First Union Nat. Bank v. Pictet Overseas Tr. Corp., 477 F.3d 616, 620 (8th Cir. 2007) (citations omitted).

The SORNA charge in Count IV is substantially similar to the commission of a crime of violence while failing to register charge in Count V as both require proof that Hollow Horn Bear failed to register around the time of the alleged assault. In fact, Count V, if joined with Counts I–III, would allow the government to introduce the same evidence that Judge Moreno already explicitly prohibited. See Doc. 28 at 4–5. Accordingly, this Court grants Hollow Horn Bear's oral motion to sever Count V from Counts I–III. As a result, Counts IV and V will be bifurcated and tried together at a later time to be set by this Court. Counts I–III will be tried together as originally scheduled.

### IV. Order

For the above reasons, and the record as it now exists before this Court, it is

ORDERED that Count V of the Superseding Indictment, Doc. 35, be severed from Counts I–III. It is further

ORDERED that Counts IV and V be tried together at a later time to be set by this Court.

DATED this 6th day of August, 2024.

BY THE COURT:

_____
ERIC SCHULTE
UNITED STATES DISTRICT JUDGE