UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. EUGENE HOLLOW HORN BEAR, Defendant. | 3:23-CR-30087-RAL OPINION AND ORDER ON MOTIONS IN LIMINE |

I. **Background**

A grand jury indicted Defendant Eugene Hollow Horn Bear with one count of sexual abuse of a person incapable of consent, two counts of abusive sexual contact, one count of failing to register as a sex offender, and one count of commission of a crime of violence while failing to register as a sex offender. Defendant has pled not guilty to the charged offenses and has exercised his right to a jury trial. This Court has severed the charges of sexual abuse and abusive sexual contact from the charges of failing to register as a sex offender and committing a crime of violence while having failed to register as a sex offender, which will be tried together at a later date. Docs. 28 and 61. This Opinion and Order pertains solely to the trial over Counts I–III, i.e. those counts alleging sexual abuse and abusive sexual contact. On August 19, 2024, this Court held a pretrial conference and motion hearing, where it heard argument and ruled on the pending motions in limine. Docs. 67, 69, and 74. This Court now formalizes its rulings with this Opinion and Order.

1

## II. Legal Standard

Rulings on motions in limine are by their nature preliminary. United States v. Spotted Horse, 916 F.3d 686, 693 (8th Cir. 2019). They "developed pursuant to the district court's inherent authority to manage the course of trials," Luce v. United States, 469 U.S. 38, 41 n.4 (1984), and are "specifically designed to streamline the presentation of evidence and avoid unnecessary mistrials," Spotted Horse, 916 F.3d at 693. This practice helps safeguard the jury from hearing evidence so prejudicial that its mention could not be remedied through a corrective instruction. Motion in limine, Black's Law Dictionary (11th ed. 2019). Rulings on motions in limine necessarily occur before the nature and relevance of the evidence can be placed in full context. See Spotted Horse, 916 F.3d at 693. Therefore, a district court has broad discretion when ruling on motions in limine and retains the authority to revisit and change its rulings based on how the case unfolds. Luce, 469 U.S. at 41–42. If this Court grants a motion in limine to exclude certain information, that information must not be mentioned during voir dire, opening statements, questioning or answering by witnesses, or closing arguments, unless counsel outside the hearing of the jury obtain from this Court a contrary ruling.

## III. Discussion

The Court addresses the parties' pretrial motions in the order in which they were filed.

### A. Notice of Intent to Offer Evidence

Pursuant to Rule 609, the United States filed a notice of its intent to offer as evidence three of Defendant's prior felony convictions to impeach his character for truthfulness should he choose to testify. Doc. 64. Defendant objected to the United States' notice, arguing that such evidence should be excluded under Rule 403. Doc. 68. Under Rule 609(a), a defendant's prior conviction may be used to attack their character for truthfulness, should they choose to testify, if the crime of

conviction was a felony offense and "the probative value of admitting this evidence outweighs its prejudicial effect" to the defendant. United States v. Collier, 527 F.3d 695, 699 (8th Cir. 2008); see United States v. Stoltz, 683 F.3d 934, 938–39 (8th Cir. 2012) (discussing how Rule 609(a) applies to witnesses generally, not a defendant who testifies). When admitting evidence of a prior felony conviction, courts may limit the evidence to "whether a conviction was obtained, when the conviction was obtained, and what the conviction was for[.]" See United States v. Wesley, 990 F.2d 360, 366 (8th Cir. 1993). But see United States v. White, 222 F.3d 363, 370 (7th Cir. 2000) (holding that details of prior conviction are usually not given to the jury but can be when the defendant "opens the door" to further details by trying to deny, minimize, or explain the conviction away).

At the pretrial conference and motion hearing, the parties agreed that, should Defendant testify, the United States may attack Defendant's character for truthfulness by admitting into evidence the fact that Defendant has been convicted of three felonies, as well as the date of conviction for each of the three felonies listed in the United States' notice, Doc. 64. But the United States may not seek to admit the nature or underlying facts and circumstances of the three convictions. Defendant's prior felony convictions are relevant and probative of Defendant's character for truthfulness. See Fed. R. Evid. 609. And the probative value of admitting Defendant's convictions in this narrow manner outweighs its prejudicial effect. See id.

**B. Defendant's Motion in Limine**

Defendant's first motion in limine, Doc. 67, seeks to exclude from evidence (1) testimony from civilian witnesses regarding Defendant's criminal history, (2) testimony referring to an investigation into a separate alleged sexual assault, (3) any reference to or testimony on Defendant's requirement to register as a sex offender and related criminal history, and (4)

3

testimony or statements regarding Defendant's incarceration record and history of supervised release. This Court addresses each subpart in turn.

### 1. Statements of Defendant's Criminal History:

Under subpart one, Defendant moves to preclude any testimony from civilian witnesses referring to Defendant's criminal history. The United States does not object and does not intend to elicit any testimony related to Defendant's criminal history from civilian witnesses. Additionally, such testimony from lay witnesses would have limited probative value and any probative value would be substantially outweighed by the risk of unfair prejudice resulting from propensity reasoning. See Fed. R. Evid. 403. Therefore, subpart one of Defendant's motion in limine is granted to the extent that civilian witnesses may not testify about Defendant's criminal history.

### 2. Evidence of Other Bad Acts

Under subpart two, Defendant moves to exclude from evidence any reference to or comment on an investigation into a separate allegation of sexual assault. Defendant argues that the "alleged involuntary sexual encounter" was "determined to be consensual" and therefore should not be brought up at trial. In essence, Defendant seeks to exclude other act evidence pursuant to Federal Rule of Evidence 404(b). The United States has not yet provided notice of its intent to present evidence of other crimes, wrongs, or bad acts. As Rule 404(b)(1) states, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Yet, evidence of prior crimes, wrongs, or acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Exclusion of evidence under Rule 404(b) is generally

reserved for "when the evidence clearly ha[s] no bearing on the case and [is] introduced solely to show defendant's propensity to engage in criminal misconduct." United States v. Walker, 428 F.3d 1165, 1169 (8th Cir. 2005) (citation omitted). Additionally, the United States does not object and has no intention of eliciting testimony relating to an investigation into a separate allegation of sexual assault. Therefore, subpart two of Defendant's motion in limine is granted.

### 3. Requirement to Register as a Sex Offender

Defendant seeks to prohibit the United States from referencing or commenting on the requirement that he register as a sex offender and his criminal history generally. Essentially, Defendant moves to exclude details of his prior felony convictions, other than the judgment of convictions themselves. As discussed in more detail above, should Defendant testify, the United States may seek to admit into evidence the fact and date of Defendant's prior felony convictions. But the United States may not inquire into the nature or underlying facts and circumstances of his prior felonies.

### 4. History of Incarceration and Supervised Release

Under subpart four, Defendant moves to preclude statements from discovery detailing Defendant's incarceration record and history on supervised release from being admitted at trial. Defendant argues that such statements are not relevant to the charged offenses and would be highly prejudicial if admitted. The United States does not object to Defendant's motion and does not intend to introduce evidence of Defendant's incarceration record or history on supervised release. Therefore, subpart four of Defendant's motion in limine is granted.

### C. United States' First Motion in Limine

The United States' first motion in limine, Doc. 69, has eight subparts and seeks (1) to exclude references to penalty and punishment, (2) to exclude any reference to the charge as a

5

felony and to exclude any mention of adverse collateral consequences that may stem from a felony charge or conviction, (3) to exclude opining on the guilt or innocence of the Defendant, (4) to exclude hearsay statements of the Defendant offered by the Defendant, (5) to sequester witnesses from the courtroom, (6) to prohibit any mention of evidence regarding the alleged victim's credibility, (7) to exclude any specific instances of conduct of the United States' witnesses to prove character, and (8) to bar any reference to or mention of Defendant's prior sexual conduct.

### 1. Reference to Penalty or Punishment

Under subpart one, the United States moves to preclude Defendant, his attorney, and any witness from referring to the possible penalty or punishment Defendant will face if convicted of the crimes charged. The United States argues that permitting the jury to hear information about what penalty or punishment Defendant faces would be improper and only confuse the jury. This Court agrees.

"It is well established that when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed." Shannon v. United States, 512 U.S. 573, 579 (1994) (cleaned up and citation omitted). The jury's role "is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged." Id. "[P]roviding jurors sentencing information invites them to ponder matters . . . not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." Id. (citation omitted). The jury must be able to carry out its role uninfluenced by the consequence of its verdict. See id. at 578 (citation omitted); United States v. Fisher, 10 F.3d 115, 121 (3d Cir. 1993) ("[F]ederal criminal juries are almost never instructed concerning the consequences of verdicts.").

Accordingly, this Court grants the United States' first motion in limine as to subpart one. There shall be no reference to or comment on the possible penalty or punishment Defendant could receive if convicted. This does not, however, preclude Defendant from referring to the charge as a "serious" or "felony" offense.

### 2. Reference to Adverse Effects of a Felony Conviction

For similar reasons, the United States seeks to prohibit any reference to or mention of Defendant's charges being a felony offense or that a conviction for such an offense can have adverse collateral effects on Defendant's future, such as career plans, educational opportunities, and the loss of certain constitutional rights. As addressed above, "[i]nformation regarding the consequences of a verdict is . . . irrelevant to the jury's task." Shannon, 512 U.S. at 579. A jury's task is to hear evidence, find facts, and determine guilt based on those facts. Id. The collateral consequences stemming from a felony charge or conviction are irrelevant to Defendant's guilt and have no role in the jury's decision-making process; given that consideration of a conviction's adverse effects has no function in the jury's task, any probative value there may be in hearing about a conviction's collateral consequences is substantially outweighed by the risk of confusing the issues and misleading the jury. See id.; Fed. R. Evid. 403. Therefore, this Court grants the United States' first motion in limine as to subpart two to exclude any reference to how adverse collateral effects from a felony conviction may impact Defendant's future, but this Court will allow Defendant to refer to the charge as a "serious" or "felony" offense.

### 3. Opining on Guilt or Innocence

Under subpart three, the United States requests an order barring Defendant, his attorney, and any witnesses from expressing their opinion about the guilt or innocence of Defendant. Evidence expressing an opinion on a defendant's innocence or guilt "invades the province of the

jury" and is inadmissible. See United States v. Thirion, 813 F.2d 146, 156 (8th Cir. 1987) (reasoning that a government witness's opinion that defendant was innocent "is not truly exculpatory evidence because it is inadmissible as it invades the province of the jury"); Wesson v. United States, 164 F.2d 50, 55 (8th Cir. 1947) ("And any such unnecessary opinion evidence in a criminal case that will inescapably be a plain expression of the witness's opinion of the defendant's guilt . . . should be scrupulously avoided."). Therefore, neither Defendant, the attorneys, nor any witnesses may opine on the guilt or innocence of Defendant. This, of course, does not preclude Defendant or his attorney from arguing whether the evidence presented at trial does or does not establish guilt beyond a reasonable doubt, nor does it preclude Defendant from testifying or arguing that he is innocent of the offenses charged.

### 4. Hearsay Statements of Defendant Offered by Defendant

In subpart four, the United States seeks to prevent Defendant from admitting into evidence self-serving out-of-court statements that he may have made to police officers, friends, relatives, or anyone else. The United States argues that such self-serving statements are hearsay and inadmissible under Rule 801 of the Federal Rules of Evidence. Unless an exception otherwise applies, a defendant's out-of-court statements, if offered by the defendant to prove the truth of the matter asserted, are inadmissible as hearsay. Fed. R. Evid. 801(c)–(d); see United States v. Waters, 194 F.3d 926, 931 (8th Cir. 1999) (holding that defendant could not admit his own out-of-court statements to FBI agent because they were inadmissible hearsay); United States v. White Horse, 177 F. Supp. 2d 973, 977 (D.S.D. 2001) (reasoning that defendant's statements to a doctor were inadmissible hearsay because they were offered by the defendant and were not offered under the exception for statements made for the purpose of diagnosis or treatment). Accordingly, any out-of-court statement made and offered by Defendant to prove the truth of the matter asserted is

inadmissible unless Defendant can show that the statement is admissible under an exception to the rule against hearsay. Defendant's out-of-court statements that are admissions against material interest are admissible, Fed. R. Evid. 801(d)(2), and Defendant may seek to introduce under the rule of completeness Defendant's other statements that accompanied the admissions against interest. Fed. R. Evid. 106 ("If a party introduces all or part of a statement, an adverse party may require introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection."). But see United States v. Roberts, 86 F.4th 1183, 1188 (8th Cir. 2023) ("Rule 106 'does not empower a court to admit unrelated hearsay in the interest of fairness and completeness when that hearsay does not come within a defined hearsay exception.'" (quoting United States v. Ramos-Caraballo, 375 F.3d 797, 803 (8th Cir. 2004))).

### 5. Sequestration of Witnesses

Subpart five of the United States' first motion in limine requests an order sequestering all witnesses, except for one investigator or case agent for both the United States and Defendant. "The purpose of sequestration is to prevent witnesses from tailoring their testimony to that of prior witnesses and aid in the detection of dishonesty." United States v. Engelmann, 701 F.3d 874, 877 (8th Cir. 2012) (citation omitted). "At a party's request, the court must order witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615; see Engelmann, 701 F.3d at 877. Generally, a "district court is granted wide latitude in implementing sequestration orders." Engelmann, 701 F.3d at 877 (citation omitted). And "the decision whether to allow the government's agent to testify even though the agent sits at the counsel table throughout the trial is left to the trial court's discretion." Id. (cleaned up and citation omitted). Therefore, all

witnesses—whether for the United States or Defendant—will be sequestered, except for an investigator or legal assistant for each party.

### 6. Credibility and Believability of the Victim

The United States moves to bar any question, comment, reference, or evidence relating to the credibility or believability of the alleged victim's allegations as set forth in the Superseding Indictment. For support, the United States cites to United States v. Azure, 801 F.2d 336, 341 (8th Cir. 1986) (reversing trial court's admission of expert testimony opining on the believability of a child sexual assault victim's testimony). The credibility of witnesses is the jury's domain. Azure, 801 F.2d at 340 (stating "the jury is the lie detector in the courtroom" (quoting United States v. Barnard, 490 F.2d 907, 912 (9th Cir. 1973))). But a witness's credibility is often an important aspect of criminal trials. 4 Weinstein's Federal Evidence § 608.02 (LEXIS 2024). Therefore, the Federal Rules of Evidence permit the parties to impeach a witness's character for truthfulness. See Fed. R. Evid. 608. Under Rule 608(a), "[a] witness's credibility" for truthfulness may be attached by testimony about a witness's character for untruthfulness, either by testimony in the form of an opinion or as to the witness's reputation.

However, as Azure illustrates, such testimony is admissible only if its scope is limited to a witness's character for truthfulness. Azure, 801 F.2d at 341 (discussing Fed. R. Evid. 608(a)). Evidence "address[ing] the specific believability [or] truthfulness of [a witness's] story" is inadmissible. Id. (concluding that a pediatrician's "opinion as to the truth of the story of a victim of child sexual abuse" was inadmissible for exceeding the scope of "character for truthfulness"); see United States v. Nazarenus, 983 F.2d 1480, 1486 (8th Cir. 1993) (stating evidence not pertaining to a witness's "character for truthfulness" was "plainly inadmissible"). Additionally, the admission of testimony attacking a witness's character for truthfulness remains subject to

Federal Rule of Evidence 403. Thus, evidence that encourages jurors to surrender their duty to weigh evidence and judge credibility or that increases the risk of mini trials on collateral issues will not be admitted. See Fed. R. Evid. 403 (allowing courts to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues, misleading the jury, . . . [or] wasting time").

Therefore, subpart six of the United States' first motion in limine, Doc. 69, is granted to the extent that testimony addressing the credibility or believability of the victim's allegations as set forth in the Superseding Indictment will not be admitted, but testimony of the victim's character for untruthfulness may be admissible if it complies with Federal Rule of Evidence 608 and Rule 403 balancing.

### 7. Specific Instances of Conduct to Prove Character

Next, under subpart seven, the United States seeks an order precluding the admission of specific instances of conduct by the government's witnesses to prove character. Generally, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). However, "[w]hen a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct." Fed. R. Evid. 405(b). But specific instances of conduct are not admissible as extrinsic evidence to attack a witness's character for truthfulness unless those specific instances are a prior criminal conviction. Fed. R. Evid. 608(b) (excluding extrinsic evidence other than prior convictions but allowing inquiry into specific instances of conduct on cross examination); Fed. R. Evid. 609 (impeachment by prior conviction).

Therefore, this Court grants subpart seven to the extent that extrinsic evidence of specific instances of conduct will not be admitted to prove character, unless, of course, it is offered to prove a character trait that is an essential element to a charge, claim, or defense, or the specific conduct is a prior criminal conviction offered to impeach a witness's character for truthfulness. See Fed. R. Evid. 405(b), 608(b), 609.

### 8. Victim's Prior Sexual Behavior

In subpart eight, the United States requests an order barring any reference to or comment on the victim's prior sexual conduct or behavior with anyone other than the Defendant under Rule 412 of the Federal Rules of Evidence. The United States also requests an order barring any mention of the victim's sexual history with Defendant because Defendant did not file the necessary motion under Rule 412(c). The United States further argues that any such evidence is inadmissible under Rule 403 because its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury.

Rule 412 of the Federal Rules of Evidence prohibits the admissibility of the following evidence in criminal proceedings involving allegations of sexual misconduct: "(1) evidence offered to prove that a victim engaged in other sexual behavior; or (2) evidence offered to prove a victim's sexual predisposition." Fed. R. Evid. 412(a). But in criminal cases, a court may admit the following evidence:

> (A) evidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence; (B) evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor; and (C) evidence whose exclusion would violate the defendant's constitutional rights.

Id. at 412(b)(1). To offer evidence under one of these exceptions, however, the offering party must: (1) "file a motion [] specifically describe[ing] the evidence and stat[ing] the purpose for

12

which it is to be offered;" (2) file said motion "at least 14 days before trial unless the court, for good cause, sets a different time;" (3) "serve the motion on all parties;" and (4) "notify the victim or, when appropriate, the victim's guardian or representative." Id. at 412(c)(1). And before admitting such evidence, this Court "must conduct an in camera hearing at which "the victim and parties [have] a right to attend and be heard." Id. at 412(c)(2).

Here, to the best of this Court's knowledge, Defendant has not filed with this Court or served on all the parties a motion seeking to admit evidence that would fall under one of the exceptions listed under Rule 412(b)(1). Trial is set to begin in less than 14 days; indeed, trial begins today, and this Court has not entered an order setting a different time for such motion to be filed and served. Therefore, any evidence offered to prove the victim's sexual predisposition or that the victim engaged in other sexual behavior will not, absent a showing of good cause, be admissible at trial. Even if this Court finds good cause to excuse Defendant's untimeliness, the admissibility of any evidence falling within Rule 412(b)'s exceptions will be subject to an in-camera hearing as defined in Rule 412(c)(2) and Rule 403's balancing test. Thus, subpart eight of the United States' first motion in limine is granted at this time.

### D. United States' Second Motion in Limine

The United States filed a second motion in limine, Doc. 74, seeking to exclude certain portions of employment history from Dusty Old Lodge, a sergeant with Rosebud Sioux Tribe Law Enforcement Services and a potential government witness, from being introduced at trial. Defendant has no objection. Therefore, the United States' second motion in limine, Doc. 74, is granted as it pertains to Sergeant Old Lodge.

### IV. Conclusion

Therefore, for good cause, it is hereby

ORDERED that Defendant's Motion in Limine, Doc. 67, is granted to the extent explained above. It is further

ORDERED that the United States' Motion in Limine, Doc. 69, is granted to the extent explained above. It is finally

ORDERED that the United States' Second Motion in Limine, Doc. 74, is granted.

DATED this 20 day of August, 2024.

                        BY THE COURT:

                        _____
                        ERIC C. SCHULTE
                        UNITED STATES DISTRICT JUDGE